UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAURICE POLLOCK, | CASE NO. C17-1884 MJP |
| Petitioner, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| MIKE OBENLAND, | |
| Respondent. | |

Before the Court is a Report and Recommendation ("R&R") concerning Petitioner's pending habeas action. (Dkt. No. 22.) The Court has read the R&R, as well as Petitioner's Objections (Dkt. No. 23), and the relevant portions of the record, and rules as follows:

IT IS ORDERED that the Report and Recommendation is ADOPTED; Petitioner's amended petition is DENIED and DISMISSED with prejudice.

IT IS FURTHER ORDERED that Petitioner's motion for appointment of counsel is DENIED.

IT IS FURTHER ORDERED that no certificate of appealability will issue in this matter.

**Background**

The factual and procedural background of this matter is lengthy and convoluted, and adequately detailed in the R&R. (See Dkt. No. 22 at 2-10.) The Court adopts and incorporates by reference the Facts and Procedural History as contained in the R&R.

Mr. Pollock's habeas petition lists four grounds for relief. However, as Petitioner does not contest it, the Court adopts the finding of the Magistrate Judge that none of Petitioner's first three grounds for relief are cognizable in a federal habeas action (see id. at 10-11), and that portion of his pleading is dismissed on that ground.

**Discussion**

Petitioner's fourth ground for habeas relief asserts that his constitutional rights to a fair trial were violated when the prosecution was permitted to introduce knowingly perjured testimony from the alleged victims of his crime. The government concedes that Petitioner has properly exhausted his state court remedies. (Dkt. No. 18 at 9.)

This Court will not reiterate the Magistrate Judge's thorough and painstaking analysis of the standard of review applicable to a petition for federal habeas relief (Dkt. No. 22 at 11-12); it is incorporated herein by reference. Suffice it to say that the multiple state court decisions rejecting Petitioner's arguments may only be overturned if their application of federal constitutional law is "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 69 (2003). Petitioner has provided neither proof nor legal precedent nor legal argument establishing that the results below were "objectively unreasonable." He simply disagrees with them.

Petitioner's criminal conviction turned on whom the finder of fact deemed most credible. Petitioner bases his allegations of perjury on the twin grounds that the witness/victims' version of events (1) differed from his own and (2) were allegedly inconsistent with expert opinion

testimony presented at his trial. This is not the same thing as proving perjury; as the Washington Supreme Court pointed out:

> To succeed on his claim that the prosecutor used false evidence to convict him, Mr. Pollock must show (1) that the testimony or evidence was actually false, (2) that the prosecutor knew or should have known that the testimony was actually false, and (3) that the false testimony was material.

(Dkt. No. 20, Ex. 32 at 4.)

The Court will assume that the testimony of the victims was material to Petitioner's conviction. But beyond that, Petitioner has done nothing – other than repeatedly insist that the testimony <u>must</u> be false because it is not consistent with other testimony – to show that "the testimony or evidence was actually false" and the prosecutor knew or should have known that it was false. Demonstrating that testimonies were inconsistent is simply not the same thing as demonstrating that testimony was false or perjured. Petitioner has failed completely in carrying his burden of proof, and dismissal is the appropriate result.

The Court further agrees with the Magistrate Judge that Petitioner has not succeeded in showing that the interests of justice require the appointment of counsel in his § 2254 matter. See 18 U.S.C. § 3006A. Petitioner demonstrated an ability throughout his state court proceedings to identify and articulate his claims and the legal basis therefor on his own. His conclusory assertions that he is incompetent to use the law library at the prison are not supported by any evidence, and his prior history of litigation would indicate otherwise. Petitioner's motion for appointment of counsel is denied.

Finally, the Court considers whether to facilitate the appeal of the dismissal of his federal habeas petition by means of a certificate of appealability ("COA"). See 28 U.S.C. § 2253(c)(3). The standard for granting a COA requires Petitioner to demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could

conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Petitioner has not met this standard and the Court will not order a certificate of appealability in his case.

**Conclusion**

Petitioner has failed to provide proof that the testimony which he alleges was perjured was actually false, and that the prosecutor knew or should have known of its falseness. Thus, he has failed to establish grounds for this Court to find that the rejection of his claims at every level of state court was the result of the improper application of federal law. Therefore, his habeas petition is dismissed.

Likewise, Petitioner has demonstrated grounds for neither the appointment of counsel nor the issuance of a certificate of appealability. His requests in that regard are likewise denied.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 14, 2018.

The Honorable Marsha J. Pechman
United States Senior District Court Judge